UNITED STATES of America, Plaintiff,

v.

Roger F. KENNEDY, Donna J. Kennedy, individually, as Trustee under a Declaration of Trust dated August 9, 1989, Davy Ministries, a purported "Corporation Sole," Daryl Kunz, Penelope Kunz, St. Alexius Medical Center Credit Union, and The Treasurer of Mercer County, North Dakota, Defendants.

No. A1–05–84.

United States District Court,
D. North Dakota,
Southwestern Division.

Nov. 3, 2005.

Michael S. Raum, U.S. Department of Justice, Washington, DC, Shon Hastings, U.S. Attorney's Office, Fargo, ND, for Plaintiff.

Roger F. Kennedy, Hazen, ND, pro se.

Malcolm H. Brown, Malcolm H. Brown PC, Bismarck, ND, for Defendants.

## ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE

HOVLAND, Chief Judge.

Before the Court is the United States' Motion to Strike filed on September 27, 2005. The Defendants have not filed a response to the motion. For the following reasons, the motion is granted.

### I. BACKGROUND

On July 25, 2005, the Government filed the above-entitled action seeking to reduce various federal income tax assessments to judgment, to foreclose on federal tax liens related to those assessments, and to obtain a judicial sale of the property. Complaint, ¶ 1. On September 19, 2005, the defendant, Roger F. Kennedy, filed a packet of tax protestor-type documents with the Court. See Docket No. 4. Kennedy essentially contends that he has no money available with which to pay a debt because there is no lawful money in circulation. For that reason, Kennedy asserts that he will make payment by way of a "promissory note," and he described the "promissory note" as his "counteroffer" to the Govern-

ment's "offer," i.e., the filing of a summons and complaint. The documents cite to various sections of the Uniform Commercial Code and culminate in a copy of the complaint which has each page X'ed out and stamped with the following phrase in red letters:

"For the record, I received your offer of contract with honor, for value and good consideration and have redrafted it as my counter-offer of contract, returning it to you for discharge, settlement, and closure of the matter. My counter-offer of contract is issued on 9/17, A.D.2005, within three business days of receipt."

The Government's motion seeks to strike the tax protestor-type documentation filed by Roger F. Kennedy under Rule 8(b) and 12(f) of the Federal Rules of Civil Procedure.

## II. LEGAL DISCUSSION

Rule 8(b) of the Federal Rules of Civil Procedure provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." The Eighth Circuit Court of Appeals has recognized that a pleading which constitutes a "gross violation" for Rule 8 may be stricken. See *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n. 2 (8th Cir.1979). More commonly, deficient pleadings are stricken under Rule 12(f) of the Federal Rules of Civil Procedure, which provides as follows:

Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

(emphasis added). The Government contends that Kennedy's tax protestor documentation is both a "gross violation" of Rule 8 and "redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). As a result, the Government requests that the documentation be stricken.

Even under the most liberal construction of the phrase, the documentation submitted by Kennedy in response to the complaint does not come close to meeting the requirements of Rule 8(b). Kennedy does not raise any defenses to the Government's claims, nor does he admit or deny the allegations contained in the complaint. Kennedy has also failed to respond to the Government's Motion to Strike filed on September 27, 2005. Under Local Rule 7.1(C), a "failure to file a brief by the adverse party may be deemed an admission that, in the opinion of counsel, the motion is well taken."

As a result of the failure to file a response to the Motion to Strike, Kennedy has admitted that the Government's motion is well-taken and should be granted. Further, and based upon Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7.1(C), the Court finds that the documentation submitted by Kennedy is immaterial, impertinent, scandalous and frivolous at best. As a result, the tax protestor-type documentation shall be stricken from the record. The defendant, Roger F. Kennedy, shall file an appropriate answer which conforms to Rule 8(b) and (e) of the Federal Rules of Civil Procedure within ten (10) days from the date of this order or risk the entry of default judgment.

## III. CONCLUSION

For the reasons set forth above, the United States' Motion to Strike is GRANTED. (Docket No. 7).

IT IS SO ORDERED.